**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

JASON McDONALD                                                                    PETITIONER
Reg. #30929-510

v.                                          2:26-cv-00051-BSM-JJV

C. HUMPHREY, Warden,
Federal Correctional Institution – Forrest City                    RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

### I.      INTRODUCTION

Petitioner Jason McDonald, an inmate at the Forrest City Low Federal Correctional Institution, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") has improperly failed to apply earned time credits toward his placement in prerelease custody or supervised release, in accordance with the First Step Act of 2018. (*Id*. at 2.) After careful consideration of the Petition and Response (Doc. No. 4), I recommend the Petition be dismissed without prejudice and relief be denied.

## II.    BACKGROUND

Mr. McDonald was convicted in the United States District Court for the Eastern District of Arkansas of one count of conspiracy to possess with intent to distribute and distribute methamphetamine. (Doc. No. 4-1 at 1.) He was sentenced to ninety-six months' imprisonment, followed by five years' supervised release. (*Id*. at 2-3.) Judgment was entered May 5, 2025. (*Id*.) At this time, Mr. McDonald's projected release date is April 2, 2029. *See* https://www.bop.gov/inmateloc/ (last accessed June 1, 2026). This date accounts for the First Step Act credits Mr. McDonald has earned, which, when applied, will result in his early release to supervised release.[1] (Doc. No. 4-3 at 1-2.)

Mr. McDonald points out the mandatory language of the First Step Act: earned time credits "shall be applied" toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(C). (Doc. No. 1 at 6.) He argues the BOP's failure to apply his time credits, instead relying on "discretionary placement timelines," has resulted in his unlawful detention. (*Id*. at 6-8.) He seeks immediate transfer to prerelease custody or supervised release. (*Id*. at 8.) Respondent C. Humphrey, Warden of the Federal Correctional Institution – Forrest City, contends Mr. McDonald is not entitled to relief because he failed to exhaust his administrative remedies and he is not yet statutorily eligible to have his time credits applied. (Doc. No. 4 at 2-5.)

## III.    ANALYSIS

### A.    Jurisdiction

---

[1] The FSA Time Credit Assessment submitted as an exhibit to the Response, showing Mr. McDonald has earned 120 time credits, is dated March 28, 2026. Mr. McDonald has presumably earned more credits since then, which has moved his FSA projected release date from May 2, 2029, to April 2, 2029. (Doc. No. 4-3 at 1-2.) This date is subject to change as Mr. McDonald continues to earn time credits.

2

The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, "then a writ of habeas corpus is not the proper remedy," and the district court lacks jurisdiction to issue a writ. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014).

To the extent Mr. McDonald seeks transfer to prerelease custody – as opposed to early release to supervised release – this Court lacks jurisdiction over his claim. In asking for placement in prerelease custody, Mr. McDonald does not challenge the validity of his conviction, nor does he seek a remedy that would result in an earlier release from detention. Placement in prerelease custody would change only the place of his confinement and would not alter the fact or duration of his imprisonment. *See, e.g.*, *Reaves v. Garrett*, No. 2:24-cv-00177-BSM-ERE, 2025 WL 890147 (E.D. Ark. Mar. 21, 2025), *report and recommendation adopted*, 2025 WL 1118580 (E.D. Ark. Apr. 15, 2025) (citing *U.S. v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's place of imprisonment); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting BOP's agreement that community correctional facilities are places of imprisonment)). The United States Court of Appeals for the Eighth Circuit has recently made clear that prerelease custody is still detention. *Fortner v. Eischen*, 170 F.4th 655, at 3 (8th Cir. Mar. 13, 2026). And as the Court explained in *Fortner*, "[i]f [Mr. McDonald] receives the remedy he seeks, he would still be detained for the same length of time, though he would serve the detention in a different location with better conditions." *Id*. at 2. Accordingly, with respect to Mr. McDonald's claim for transfer to prerelease custody, habeas jurisdiction is lacking.

**B.      Exhaustion of Administrative Remedies**

3

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. McDonald initiated the administrative remedy process by submitting a Request for Administrative Remedy after an attempt at informal resolution. (Doc. No. 1 at 17-19.) However, after that Request was rejected as untimely (*Id*. at 21), Mr. McDonald terminated the process and did not see it through to completion. (Doc. No. 4-2 at 2.) Given the ongoing nature of the issue Mr. McDonald complained of, the BOP's rejection of the Request as untimely is curious and perhaps erroneous. But it did not render the administrative remedy process unavailable or futile, as Mr. McDonald contends, because he could have simply appealed the

4

rejection: "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level." 28 C.F.R. § 542.17(c). This would have allowed Mr. McDonald to proceed to the final two steps in the administrative remedy process. Because he did not do so, he has not afforded the BOP an opportunity to address his claim on the merits. Mr. McDonald's Petition should be dismissed for failure to exhaust administrative remedies.

### C.      Statutory Eligibility

Under the First Step Act, eligible prisoners who have earned time credits by successfully participating in recidivism reduction programs or productive activities shall be transferred into prerelease custody or supervised release "as determined under section 3624(g)." 18 U.S.C. § 3632(d)(4)(C). Section 3624(g) clearly states that an eligible prisoner is one who, among other things, "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

As Respondent points out, Mr. McDonald has not yet fulfilled this statutory requirement for application of his time credits. As of the March 28, 2026 FSA Time Credit Assessment that appears in the record, Mr. McDonald had earned 120 time credits. (Doc. No. 4-3 at 1.) Although he has presumably earned more since then, it would not be enough to equal the remainder of his term of imprisonment, as he still has nearly three years remaining on his sentence. Therefore, although Mr. McDonald is eligible to earn time credits, he is not yet eligible to apply them. Relief should be denied for this reason.

## IV.      CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. McDonald's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 8th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE